In re ) Case No. _____
)
) NOTICE OF **PRELIMINARY**
) HEARING ON MOTION
)    FOR USE OF CASH COLLATERAL
)    TO OBTAIN CREDIT
Debtor(s) ) *(Check One)*

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit *(check one)*. A copy of the motion is attached; and it includes (i) the statement required by Local Form #541.5, and (ii) the following allegations:

    a. The immediate and irreparable harm that will come to the estate pending a final hearing is _____.

    b. The amount of ☐ cash collateral ☐ credit *(check one)* necessary to avoid the harm detailed above prior to the final hearing is _____.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3. A **PRELIMINARY** HEARING on the motion WILL BE HELD ON _____ AT _____ IN _____. Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must do one or both of the following: (1) attend the preliminary hearing; and/or (2) file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401), a written response, which states the facts upon which you will rely and, if the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by LBR 9004-1(b).

5. On _____ copies of this notice and the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. §705; any creditors' committee chairperson [or, if none serving, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any creditors' committee attorney; the U.S. Trustee; and all affected lien holders whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                                                                      OSB #
_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541.1 (6/1/15)

<u>In re Steven S. and Brenda K. Sobella</u>;
Ch 12 Bankruptcy Case No. 17-34449-tmb12
Service List


Steven S. Sobella
Brenda K. Sobella
29830 SE Wheeler Rd.
Boring, OR  97009

**Special Notice:**

PRA Receivables Management
LLC, PO Box 41021,
Norfolk, VA 23541

**Lien Creditor**:

Northwest Farm Credit Services
Headquarters
2001 South Flint Road
PO Box 2515
Spokane, WA 99220-2515

Northwest Farm Credit Services
Attn: Ustina Zenuhin
650 Hawthorne Ave SE, Ste 210
Salem, OR 97301

Northwest Farm Credit Services, PCA
c/o Phil DiPofi, President & CEO
1700 S Assembly St
Spokane, WA 99224

Northwest Farm Credit Services, PCA
c/o Phil DiPofi, President & CEO
2001 S. Flint Red.
Spokane, WA  99224-9198

Northwest Farm Credit Services, PCA
PO Box 13309
Salem, OR 97309

Northwest Farm Credit Services, PCA
2345 NW Amberbrook Dr., Ste 100
Beaverton, OR 97006

Robert J Vanden Bos, OSB #781002
Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4861
Fax: 503-241-3731

Of Attorneys for Debtors Steven S. and Brenda K. Sobella

Nicholas J Henderson, OSB #074027
MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Telephone: 503-417-0508
Fax: 503-417-0528
Email: nhenderson@portlaw.com

Of Attorneys for Debtor Sobella Nursery, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Steven S. Sobella<br>Brenda K. Sobella; and<br>Sobella Nursery, Inc.,<br><br><br><br><br><br>Debtors. | Bankruptcy Case Nos.:<br><br>17-34449-dwh12 (Lead Case)<br><br>17-34446-dwh12<br><br>Jointly Administered Under<br>Case No. 17-34449-dwh12<br><br>JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING (11/30/17 – 01/05/18) **(Expedited Hearing Requested)** |

The above-captioned Debtors (collectively "Debtors"), pursuant to Sections 105(a)

and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1(c), move the

Page 1 of 6   JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF
              DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR
              PRELIMINARY HEARING (11/30/17 – 01/05/18) **(Expedited Hearing Requested)**

Case 17-34449-dwh12    Doc 16    Filed 12/04/17

Court for entry of an interim order authorizing use of cash collateral as defined by §363(a) of the Bankruptcy Code ("Cash Collateral"), and, in support, represents and states as follows:

On November 30, 2017, Debtors commenced Chapter 12 cases by the filing of voluntary petitions under Chapter 12 of the United States Bankruptcy Code. Pursuant to § 1203 of the Code, Debtors are continuing in possession of their property and are operating and managing their business.

### DEBTORS' BUSINESS:

Debtor, Sobella Nursery, Inc. ("Sobella Nursery") operates a nursery business in Boring, Oregon and currently employs about nine (9) employees. Debtors, Steven S. and Brenda K. Sobella (the "Sobellas") are the owners of Sobella Nursery. Sobella Nursery grows and sells ornamental nursery stock to retail nurseries. Sobella Nursery has long-time customer relationships for purchase of its products. If Sobella Nursery is unable to pay its employees, the employees will suffer hardship and likely cease working. If Sobella Nursery fails to maintain its relationship with its core buyers and fulfill its pending orders, it will lose goodwill with its customers and likely lose substantial amounts of business. Debtor has pending orders in excess of $500,000 for existing inventory. The loss of the revenue stream from those sources would inhibit a successful reorganization and devalue the estate significantly.

### PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL:

The following entities may claim a lien in the Cash Collateral based upon UCC financing statements on file with the Oregon Secretary of State:

/ / /

/ / /

/ / /

Page 2 of 6     JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING (11/30/17 – 01/05/18) **(Expedited Hearing Requested)**

Case 17-34449-dwh12    Doc 16    Filed 12/04/17

| Secured Creditor | UCC Nos | Collateral | County |
|---|---|---|---|
| Northwest Farm Credit Services, PCA<br>6750 Hawthorne Avenue SE, Ste. 210<br>Salem, OR 97309 | 7466918-1<br>7466918-2<br>7466918-3 | Nursery Stock (and products) (Farm Product Code 0907) | Clackamas (County Code 03) |

According to Debtors' records, the amounts owed to the UCC Lien Creditors are as follows:

| Secured Creditor | Amount |
|---|---|
| Northwest Farm Credit Services, PCA<br>6750 Hawthorne Avenue SE, Ste. 210<br>Salem, OR 97309 | $1,390,431.37 |

Other than the liens noted above, Debtors are not aware of any parties holding an interest in Cash Collateral. The Secured Creditor listed above also holds deeds of trust against Debtors' real properties.

To preserve the value of Debtors' business as a going concern, Debtors require the use of cash generated from the business to pay its operating expenses, including wages of its employees. In addition, Sobellas maintain a deposit account at Northwest Farm Credit Services, PCA, known as the Future Payment Fund ("FPF Account"). Debtors require turn over and use of the funds held in the FPF Account for operating expenses.

In order to formulate it Chapter 12 Plan, Debtor requires the use of Cash Collateral for the payment of wages, salaries and operating expenses. Debtor proposes to use Cash Collateral for the period from November 30, 2017 through and including January 5, 2018 in the amount $91,577.00 and from January 6, 2018 through and including April 22, 2018 in the amount of $336,737.00 on the terms set forth in the proposed Interim Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**. Debtors' projected 30-day and 120-day operating expense budgets are attached to **Exhibit A,** marked **Exhibit 1**, respectively

Page 3 of 6     JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING (11/30/17 – 01/05/18) **(Expedited Hearing Requested)**

Case 17-34449-dwh12    Doc 16    Filed 12/04/17

(collectively, the "Budget").  Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtors and/or electronic funds in transit.

Debtors have made reasonable efforts to secure alternative financing.  Debtors are unable to obtain necessary financial accommodations for the expenses shown in **Exhibit 1** from any source.

After reasonable efforts, Debtors are unable pursuant to § 364(a) or (b) of the Bankruptcy Code, to obtain unsecured credit allowable under § 503(b)(1) of the Code as an administrative expense.

Allowing Debtors to use Cash Collateral on the terms set forth in the proposed Interim Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will preserve Debtors' going concern value, maximize the value of the Debtors' assets for the estate, will increase the probability of a successful business plan, and is in the best interests of the creditors and this estate.

Without the use of Cash Collateral, Debtors have insufficient funds to meet its expenses as itemized in **Exhibit 1**. Debtors have an immediate need for Cash Collateral to pay its payroll and other operating expenses and provide deposits to utilities as needed under 11 U.S.C. § 366 all of which will preserve the value of its business.

Debtors will suffer immediate and irreparable harm in that profits will be significantly reduced or eliminated and the value of the estate will be substantially diminished if Debtors are not permitted to use the Cash Collateral of $91,577 .00 on an interim basis, in the amounts and for the purposes set forth in the Budget, to meet its necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing on Debtors' motion for authority to use Cash Collateral.

Page 4 of 6    JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING (11/30/17 – 01/05/18) **(Expedited Hearing Requested)**

Case 17-34449-dwh12    Doc 16    Filed 12/04/17

The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF 541.7.

### PROPOSED TERMS OF CASH COLLATERAL ORDER:

Debtors further propose that its authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtors may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed fifteen percent (15%) of the total projected expenditures under the Budget for that Budget period.

### PROPOSED ADEQUATE PROTECTION:

Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the petition date) in the value of the property of Debtors to which any of the liens of the parties identified herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtors propose to grant to each of them the following protection:

a. A replacement lien on all of the post-petition property in which each of them has a pre-petition lien or security interest. The replacement liens shall have the same relative priority vis-á-vis one another as existed on the petition date with respect to the original liens.

b. Each party granted a replacement lien herein shall be granted relief from the automatic stay to take all actions which may be required under federal or state law in any jurisdiction to validate or perfect the liens so granted.

c. Debtor shall timely perform and complete all actions necessary and appropriate to protect said parties' collateral against diminution in value.

Page 5 of 6    JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING (11/30/17 – 01/05/18) **(Expedited Hearing Requested)**

Case 17-34449-dwh12    Doc 16    Filed 12/04/17

**NOTICE**:

Debtors have given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtors move for:

1. An Interim Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection.

2. An Order setting a preliminary hearing on this motion upon such notice as the Court may direct pursuant to Bankruptcy Rule 4001(b)(3) to authorize the expenditures set forth on **Exhibit 1** to this motion.

3. That the Order and each of its terms shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply;

4. An Order setting a final hearing after notice on this Motion.

Dated: December 4, 2017

          VANDEN BOS & CHAPMAN, LLP

          By:/s/Douglas R. Ricks
           Robert J Vanden Bos, OSB #781002
           Douglas R. Ricks, OSB #044026
           Of Attorneys for Debtors
           Steven S. and Brenda K. Sobella

Page 6 of 6  JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING (11/30/17 – 01/05/18) **(Expedited Hearing Requested)**

Case 17-34449-dwh12  Doc 16  Filed 12/04/17

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Bankruptcy Case Nos.: |
|---|---|
| Steven S. Sobella<br>Brenda K. Sobella; and<br>Sobella Nursery, Inc.,<br><br><br><br>Debtors. | 17-34449-dwh12 (Lead Case)<br><br>17-34446-dwh12<br><br>Jointly Administered Under<br>Case No. 17-34449-dwh12<br><br>INTERIM ORDER AUTHORIZING USE<br>OF CASH COLLATERAL<br>(**11/30/17 – 01/05/17**) |

THIS MATTER came before the Court on _____, 2017 on the motion of the above Debtors (collectively "Debtors"), for authority to use cash collateral ("Motion") (Dkt. No. \_\_\_\_), due and adequate notice under the circumstances having been given, and the Court having heard the representations and argument of counsel, and being otherwise fully advised

The Court finds that the entity, Northwest Farm Credit Services, PCA (the "Lien Creditor"), may claim a lien in the Cash Collateral based upon the following:

| Lien Creditor | UCCs | Amount Owing | Collateral | County |
|---|---|---|---|---|
| Northwest Farm Credit Services, PCA | 7466918-1<br>7466918-2<br>7466918-3 | $1,390,431.37 | Nursery Stock (and products) (Farm Product Code 0907) | Clackamas (County Code 03) |

NOW, THEREFORE, it is ORDERED as follows:

1. Debtors are authorized to use Cash Collateral of $87,081.00 for the period from November 30, 2017 through and including January 5, 2018 (the "Budget Period") in accordance with the attached Budget (**Exhibit 1**). Debtor's authority to use Cash Collateral is limited to the uses of cash collateral as set forth in the Budget; together with a 15% cumulative variance.

2. As adequate protection, the Lien Creditor is granted a replacement lien upon all post-petition assets of the Debtors which are of the identical description to its prepetition collateral.

3. Debtors will timely perform and complete all actions necessary and appropriate to protect Lien Creditor's collateral against diminution in value.

4. Nothing in this Order shall be construed to (a) grant a security interest in the Debtors' or trustee's avoidance powers; (b) convert any prepetition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization, except as otherwise provided under the Bankruptcy Code; (d) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtors, or its assets or (e) enhance the secured position of any creditor as of the Petition Date. Further, nothing in this order shall preclude Lien Creditors from asserting claims for any further amounts that may be owed by the Debtors.

5. Debtors' authority to use Cash Collateral may be extended beyond the amount in Paragraph 1 or the Budget Period by mutual agreement of the Debtors and the Lien Creditor. In the event of such agreement, Debtors may submit a further order extending Debtors' authority to use Cash Collateral on the same terms and conditions as provided herein without an additional motion or hearing. Notice of the proposed extension, including the applicable Budget, shall be provided to creditors and parties in interest with 14 days for filing objections thereto. If no objections are received, the extension order will take effect upon its stated date of commencement.

6. In the event of a default under the terms of this Order, and unless the Debtors cure such default within ten (10) days after receiving written notice of the default, the Debtors' right to use Cash Collateral shall be terminated and the Debtors shall be further prohibited from using Cash Collateral without obtaining a court order allowing such use.

7. Except as otherwise authorized by an order of this Court, the Debtors shall deposit all funds received since the Petition Date and during the pendency of this case in the Debtors' bank account or accounts and that all expenses of the Debtors during the pendency of this case shall be paid from such accounts. Debtors shall not prepay expenses except in the ordinary course of business or as authorized by a court order.

8. This Order does not contain any of the "disfavored provisions" listed in LBF #541.7.

9. A final hearing for consideration of Debtors' Motion will be held on _____, 201__ at __:__ _.m. before the Honorable David W. Hercher in Courtroom No. 3, United States Bankruptcy Court for the District of Oregon, Portland

Division, 1001 SW 5th Ave., #700 Portland, OR 97204.  Counsel for the Debtor shall issue separate notice of the final hearing using the current version of LBF 541.

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #781002
    Douglas R. Ricks, OSB #044026
    VANDEN BOS & CHAPMAN, LLP
    319 SW Washington St. Ste. 520
    Portland, OR  97204
    Telephone: 503-241-4869
    Fax: 503-241-3731

    Of Attorneys for Debtors
    Steven S. and Brenda K. Sobella

By:/s/Nicholas J. Henderson
    Nicholas J Henderson, OSB #074027
    MOTSCHENBACHER & BLATTNER LLP
    117 SW Taylor St., Ste. 300
    Portland, OR  97204
    Telephone:  503-417-0508
    Fax:  503-417-0528
    Email:  nhenderson@portlaw.com

    Of Attorneys for Debtor
    Sobella Nursery, Inc.

**First Class Mail:**

See Attached List.

**Electronic Mail:**

The foregoing was served on all
CM/ECF participants through the
Court's Case Management/Electronic Case
File system.

| Name: | Subella Farms | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Date | Wk1 12/08/17 | Wk2 12/15/17 | Wk3 12/22/17 | Wk4 12/29/17 | Wk5 01/05/18 | Wk6 TOTAL | Wk6 01/12/18 | Wk7 01/19/18 | Wk8 01/26/18 | Wk9 02/02/18 | Wk10 02/09/18 | Wk11 02/16/18 | Wk12 02/23/18 | Wk13 03/02/18 | Wk14 03/09/18 | Wk15 03/16/18 | Wk16 03/23/18 | Wk17 03/30/18 | Wk18 04/06/18 | Wk19 04/13/18 | Wk20 04/20/18 | Wk21 04/27/18 | Wk21 TOTAL | GRAND TOTAL |
| Initial Cash Balance | 33,000 | 304,554 | 330,889 | 314,031 | 314,031 | 33,000 | 300,123 | 318,253 | 282,494 | 272,219 | 225,314 | 220,554 | 185,680 | 180,180 | 163,230 | 158,575 | 122,201 | 144,501 | 136,076 | 131,751 | 117,676 | 125,476 | 300,123 | 33,000 |
| Sales – SF Stock Shipped | 0 | 16,742 | 3,127 | 0 | 5,422 | 25,291 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 15,000 | 15,000 | 25,291 |
| Sales – SF Stock Pending | 0 | 0 | 12,090 | 0 | 12,090 | 12,090 | 12,000 | 0 | 0 | 0 | 0 | 0 | 0 | 12,000 | 0 | 0 | 25,000 | 12,000 | 0 | 15,000 | 12,000 | 0 | 91,000 | 103,090 |
| Sales – BB Sales Pending | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Sales – BB Sales Shipped | 0 | 12,663 | 10,707 | 0 | 0 | 28,410 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 28,410 |
| Tax Payment | 5,040 | 0 | 0 | 0 | 0 | 0 | 25,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 25,000 | 25,000 |
| Custom Work | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | 38,040 | 333,959 | 356,722 | 314,031 | 319,453 | 98,700 | 325,123 | 318,253 | 282,494 | 272,219 | 225,314 | 220,554 | 185,680 | 192,180 | 163,230 | 158,575 | 147,201 | 156,501 | 136,076 | 146,751 | 129,676 | 140,476 | 416,123 | 214,700 |
| Cash For Operations | | | | | | | | | | | | | | | | | | | | | | | | |
| Income from Other Sources | | | | | | | | | | | | | | | | | | | | | | | | |
| FPP Balance | 293,000 | 0 | 0 | 0 | 0 | 293,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 293,000 |
| | 293,000 | 0 | 0 | 0 | 0 | 293,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 293,000 |
| Total Income from Other Sources | 293,000 | | | | | 293,000 | | | | | | | | | | | | | | | | | | |
| Total Cash Inflows | 331,040 | 333,959 | 356,722 | 314,031 | 319,453 | 391,700 | 325,123 | 318,253 | 282,494 | 272,219 | 225,314 | 220,554 | 185,680 | 192,180 | 163,230 | 158,575 | 147,201 | 156,501 | 136,076 | 146,751 | 129,676 | 140,476 | 416,123 | 597,700 |
| Farm Operating Expenses | | | | | | | | | | | | | | | | | | | | | | | | |
| Labor BiWeekly +3 Monthly Salary | 15,796 | 0 | 9,200 | 0 | 7,000 | 31,996 | 0 | 10,590 | 0 | 4,500 | 0 | 7,500 | 0 | 5,500 | 0 | 11,500 | 0 | 12,000 | 0 | 17,000 | 0 | 12,000 | 80,600 | 112,596 |
| Labor BB Harvest | 1,200 | 0 | 0 | 0 | 1,000 | 4,200 | 0 | 7,000 | 0 | 9,200 | 0 | 12,400 | 0 | 9,500 | 0 | 8,000 | 25,000 | 5,600 | 0 | 15,000 | 0 | 4,900 | 46,100 | 59,300 |
| Employee – Withholding Fed & State | 6,000 | 0 | 3,300 | 0 | 3,900 | 13,200 | 0 | 7,800 | 0 | 6,600 | 0 | 8,800 | 0 | 6,000 | 0 | 8,200 | 0 | 0 | 0 | 7,200 | 0 | 0 | 55,700 | 68,900 |
| Burlap, Twine | 0 | 0 | 0 | 0 | 0 | 0 | 3,000 | 0 | 3,500 | 0 | 1,200 | 0 | 1,300 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 9,000 | 9,000 |
| Plastic Pots Harvest 2018 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 6,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 6,000 | 6,000 |
| Hay, Soil | 0 | 0 | 0 | 0 | 870 | 870 | 1,100 | 0 | 1,100 | 1,100 | 1,100 | 1,100 | 2,300 | 2,300 | 1,100 | 1,100 | 2,200 | 2,200 | 1,100 | 1,100 | 1,100 | 0 | 20,800 | 21,670 |
| Nursery Supplies/Stakes | 950 | 0 | 0 | 0 | 1,500 | 2,450 | 0 | 0 | 0 | 0 | 0 | 750 | 0 | 750 | 0 | 0 | 0 | 0 | 500 | 0 | 0 | 0 | 2,750 | 5,200 |
| Soil Mix Production | 0 | 1,400 | 0 | 0 | 0 | 1,400 | 0 | 0 | 750 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 3,500 | 3,500 |
| Chemicals | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1,500 | 0 | 0 | 0 | 2,000 | 0 | 0 | 0 | 0 | 0 | 0 | 2,000 | 0 | 3,500 | 3,500 |
| Fertilizer/Lime | 0 | 0 | 27,000 | 0 | 0 | 27,000 | 0 | 0 | 0 | 21,460 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 21,560 | 48,560 |
| BB Plants Shipped | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 3,665 | 3,665 | 3,665 |
| BB Plants Pending to Ship | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| BB Revenue | 0 | 0 | 0 | 0 | 1,270 | 1,270 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 3,400 | 0 | 0 | 0 | 0 | 0 | 0 | 3,400 | 4,670 |
| Lumber, Sharpening | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 300 | 0 | 0 | 0 | 250 | 0 | 0 | 550 | 550 |
| Irrigation Parts & Repair | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 400 | 400 | 400 |
| Utilities: Water Kubo | 0 | 1,270 | 0 | 0 | 511 | 511 | 0 | 0 | 0 | 0 | 450 | 0 | 0 | 0 | 500 | 0 | 0 | 0 | 650 | 0 | 0 | 0 | 1,600 | 2,111 |
| Utilities: Electric/PPPR | 201 | 0 | 0 | 0 | 310 | 310 | 0 | 285 | 275 | 0 | 285 | 0 | 0 | 0 | 285 | 0 | 0 | 0 | 100 | 285 | 0 | 0 | 1,440 | 1,923 |
| Utilities: Telephone/Internet/Cell | 0 | 0 | 0 | 0 | 100 | 483 | 0 | 175 | 0 | 0 | 0 | 175 | 0 | 175 | 0 | 175 | 0 | 0 | 175 | 175 | 0 | 0 | 1,100 | 1,650 |
| Monthly Bills (WATR) | 100 | 0 | 285 | 0 | 275 | 560 | 0 | 0 | 275 | 100 | 275 | 0 | 275 | 0 | 0 | 0 | 0 | 125 | 0 | 0 | 0 | 125 | 1,200 | 1,625 |
| Accounting | 125 | 0 | 275 | 0 | 125 | 425 | 0 | 125 | 0 | 125 | 0 | 125 | 0 | 275 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 125 | 2,050 | 2,550 |
| Employee Dev Withholding | 0 | 0 | 173 | 0 | 350 | 500 | 0 | 850 | 0 | 0 | 850 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1,200 | 0 | 0 | 0 | 1,300 | 2,050 |
| Gasoline | 0 | 0 | 0 | 0 | 500 | 500 | 750 | 0 | 750 | 0 | 0 | 750 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 2,000 | 2,500 |
| Diesel-Farm | 0 | 0 | 0 | 0 | 0 | 0 | 1,400 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 2,800 | 2,800 |
| Propane | 0 | 0 | 460 | 0 | 460 | 460 | 0 | 0 | 0 | 0 | 0 | 0 | 800 | 0 | 0 | 0 | 500 | 0 | 0 | 500 | 0 | 0 | 3,060 | 3,060 |
| Equipment Repairs & Parts | 0 | 0 | 888 | 0 | 0 | 888 | 0 | 500 | 0 | 0 | 0 | 0 | 0 | 500 | 0 | 0 | 0 | 0 | 0 | 500 | 500 | 0 | 3,000 | 3,888 |
| Auto Truck Repair & Parts | 1,195 | 0 | 0 | 0 | 1,195 | 1,195 | 0 | 1,195 | 0 | 0 | 0 | 1,195 | 0 | 0 | 870 | 1,195 | 0 | 0 | 0 | 1,195 | 0 | 0 | 4,780 | 5,975 |
| Insurance – SAIF | 819 | 0 | 0 | 0 | 0 | 819 | 0 | 1,804 | 0 | 0 | 0 | 0 | 0 | 0 | 870 | 0 | 0 | 0 | 0 | 870 | 0 | 0 | 3,860 | 4,299 |
| Insurance – Liberty Mutual/Fire | 0 | 0 | 0 | 0 | 0 | 708 | 0 | 0 | 0 | 0 | 0 | 1,404 | 0 | 0 | 0 | 1,404 | 0 | 0 | 0 | 0 | 0 | 0 | 4,512 | 5,320 |
| Taxes – Property Fees | 0 | 0 | 0 | 0 | 600 | 600 | 0 | 0 | 600 | 0 | 0 | 0 | 0 | 600 | 0 | 600 | 0 | 500 | 0 | 0 | 0 | 500 | 2,820 | 3,000 |
| Employee Dev Withholding | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 2,850 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 600 | 4,500 | 7,500 | 23,000 |
| Fed Tax 2017 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 25,000 | 25,000 | 10,000 |
| Oregon Tax 2017 | 0 | 0 | 0 | 0 | 150 | 150 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 10,000 | 10,000 | 1,950 |
| Custom – ACS Office Software | 100 | 0 | 0 | 0 | 0 | 100 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 500 | 0 | 1,800 | 3,060 |
| Ore. License/Plate | 0 | 0 | 0 | 0 | 0 | 0 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 8,000 | 9,300 |
| Pump X Expense | 0 | 400 | 420 | 0 | 500 | 500 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 300 | 300 |
| Total Farm Operating Expenses | 26,486 | 3,070 | 43,691 | 0 | 19,330 | 91,377 | 6,870 | 35,759 | 10,275 | 46,005 | 4,760 | 34,874 | 5,500 | 28,950 | 4,655 | 36,374 | 2,700 | 20,425 | 4,325 | 29,075 | 4,200 | 61,000 | 336,737 | 428,114 |
| Capital, Debt & Misc Payments | | | | | | | | | | | | | | | | | | | | | | | | |
| Kubota Loan Payment | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Cap, Debt & Misc. Pmts | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Cash Outflow | 26,486 | 3,070 | 42,691 | 0 | 19,330 | 91,377 | 6,870 | 35,759 | 10,275 | 46,005 | 4,760 | 34,874 | 5,500 | 28,950 | 4,655 | 36,374 | 2,700 | 20,425 | 4,325 | 29,075 | 4,200 | 61,000 | 336,737 | 428,314 |
| Cash Required by Month | 26,486 | 3,070 | 42,691 | 0 | 19,330 | 91,377 | 6,870 | 35,759 | 10,275 | 46,005 | 4,760 | 34,874 | 5,500 | 28,950 | 4,655 | 36,374 | 2,700 | 20,425 | 4,325 | 29,075 | 4,200 | 61,000 | 336,737 | 428,314 |
| Ending Outstanding Balance | 304,554 | 330,889 | 314,031 | 314,031 | 300,123 | | 318,253 | 282,494 | 272,219 | 225,314 | 220,554 | 185,680 | 180,180 | 163,230 | 158,575 | 122,201 | 144,501 | 136,076 | 131,751 | 117,676 | 125,476 | 79,386 | 79,386 | 79,386 |