Robert J Vanden Bos, OSB #781002
Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4861
Fax: 503-241-3731

Of Attorneys for Debtors Steven S. and Brenda K. Sobella

Nicholas J Henderson, OSB #074027
MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Telephone: 503-417-0508
Fax: 503-417-0528
Email: nhenderson@portlaw.com

Of Attorneys for Debtor Sobella Nursery, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Steven S. Sobella<br>Brenda K. Sobella; and<br>Sobella Nursery, Inc.,<br><br><br><br><br><br><br>Debtors. | Bankruptcy Case Nos.:<br><br>17-34449-dwh12 (Lead Case)<br><br>17-34446-dwh12<br><br>Jointly Administered Under<br>Case No. 17-34449-dwh12<br><br>APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17<br>(Vanden Bos & Chapman, LLP) |

The applicant Debtors, Steven S. Sobella and Brenda K. Sobella, ("Debtors Sobella"), respectfully represent:

1.  Debtors Sobella have filed a petition under Chapter 12 of the Bankruptcy Code.

Page 1 of 3  APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP)

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12    Doc 31    Filed 12/08/17

2. Debtors Sobella wish to employ the firm of Vanden Bos & Chapman, LLP ("VBC"), attorneys duly admitted to practice in this Court, as Debtors Sobellas' attorney in this proceeding.

3. Debtors Sobella have selected VBC for the reason that VBC has experience in matters of this character, having worked on many other bankruptcy cases as attorneys, including cases under Chapter 12.

4. The professional services that VBC is to render include: (a) to give Debtors Sobella legal advice with respect to Debtors Sobellas' powers and duties as debtor-in-possession in the operation of Debtors Sobellas' business; (b) to institute such adversary proceedings as are necessary in the case; (c) to represent Debtors Sobella generally in the proceedings and to propose on behalf of Debtors Sobella as debtor-in-possession, necessary applications, answers, orders, reports and other legal papers; and (d) to perform all other legal services for the debtor-in-possession or to employ an attorney for such professional services.

5. To the best of Debtors Sobellas' knowledge, VBC has no connection with the creditors or any other adverse party or its attorneys, except as disclosed in the Rule 2014 Verified Statement on file herein.

6. VBC represents no interest adverse to the Debtors Sobella as debtor-in-possession or to the estate in the matters upon which VBC is to be engaged, except as disclosed in the Rule 2014 Verified Statement on file herein. VBC's employment would be in the best interests of the estate.

7. The proposed rate of compensation, subject to final court approval, is the customary, hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Debtors Sobella. The proposed terms of

Page 2 of 3 APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP)

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12    Doc 31    Filed 12/08/17

employment are as set forth in the Attorney/Client Fee Agreement, a copy of which is attached as **Exhibit A** which has been executed by the Debtors Sobella and VBC. The current hourly rates are as follows:

| | |
|---|---|
| Robert J Vanden Bos, Managing Partner | $495.00 |
| Ann K. Chapman, Partner | $445.00 |
| Douglas Ricks, Partner | $375.00 |
| Christopher Coyle, Partner | $350.00 |
| Certified Bankruptcy Assistants | $235.00 |
| Legal Assistants | $130.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of the law.

WHEREFORE, Debtors Sobella pray that Debtors Sobella shall be authorized to employ and appoint the firm of Vanden Bos & Chapman, LLP to represent Debtors Sobella as debtor-in-possession in this proceeding under Chapter 12 of the Bankruptcy Code.

Debtors Sobella further pray for an Order approving the terms and conditions of VBC's employment as set forth in the Attorney/Client Fee Agreement attached hereto as **Exhibit A**.

DATED: 12/08/17

VANDEN BOS & CHAPMAN, LLP

By: /s/Douglas R. Ricks
Robert J Vanden Bos, OSB #781002
Douglas R. Ricks, OSB #044026
Of Attorneys for Debtors
Steven S. and Brenda K. Sobella

/s/Steven S. Sobella
Steven S. Sobella, Debtor

/s/Brenda K. Sobella
Brenda K. Sobella, Debtors

Page 3 of 3 APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12    Doc 31    Filed 12/08/17

## HOURLY

## ATTORNEY/CLIENT CHAPTER 12 FEE AGREEMENT

**CLIENT:** STEVE S. AND BRENDA K. SOBELLA

**ATTORNEY:** VANDEN BOS & CHAPMAN, LLP

Client desires to retain Attorney for but not limited to the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services including (a) giving the Client legal advice with respect to its business operations (b) assisting the Client in any proposed reorganization of its business (c) if authorized, filing an appropriate petition for relief under Chapter 12 of Title 11 of the United States Bankruptcy Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

1.1. Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the attorneys, legal assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| | |
|---|---|
| Robert J Vanden Bos, Managing Partner | $495.00 |
| Ann K. Chapman, Partner | $445.00 |
| Douglas R. Ricks, Partner | $375.00 |
| Christopher N. Coyle, Partner | $350.00 |
| Certified Bankruptcy Assistants | $235.00 |
| Legal Assistants | $130.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney time and paralegal time is billed in minimum .10 hour increments.

Client will be provided with itemized monthly statements for services rendered and expenses incurred which will be mailed on approximately the 10th of each calendar month.

Attorney has requested Client to pay a retainer in the sum of **$10,000.00**. Attorney will account for time and expenses incurred.

Client acknowledges that the application of the retainer is for Attorney's hourly services, not for payment of out-of-pocket costs associated with representing the Client. The retainer amount shall be in addition to the filing fee of $275.00 for Chapter 12, which shall be paid from the separate funds of the Client. As set forth elsewhere, in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

Until the retainer check clears and the funds are paid to Attorney's trust account, Attorney shall have the option to decline to commence representing Client. To avoid timing problems waiting for a retainer check to clear, Attorney recommends that retainer checks be paid in certified funds or cash.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as Exhibit "A."

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney. All professionals must also be approved by the Bankruptcy Court before starting work or the Court will deny payment to the professional.

If asked by the Attorney, Client agrees to perform all mailings required by the Bankruptcy Code or Rules. Client agrees to pay the costs thereof separately. Attorney assumes no responsibility for advancing the costs of major mailings in the case. Client acknowledges that Attorney has advised Client that there could be several major mailings during the course of a Chapter 12 case and that the costs of printing and postage for such mailings may be significant costs. The Client may be required to send documents to each of Client's creditors in connection with each such mailing. Client agrees to pay mailing costs in advance of such mailings directly to the company which will be performing such mailings.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer. If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign.

If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the

court in accordance with the court's rules, which will be done as frequently as court rules permit. Such petitions for fees, when approved, will be paid from the Client's post-petition income.

**THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

1.2. resignation is subject to Court approval, after notice to Client and opportunity for hearing.

Dated: 11-30-2017

**ATTORNEY:** **CLIENT:**

**VANDEN BOS & CHAPMAN, LLP**

By: /s/ Robert J Vanden Bos
Robert J Vanden Bos, Partner

By: /s/ Steve S. Sobella
Steve S. Sobella

By: /s/ Brenda K. Sobella
Brenda K. Sobella

- 3 -

Form Revised 11/22/17

**Exhibit A - Page 3 of 4**

Case 17-34449-dwh12    Doc 31    Filed 12/08/17

EXHIBIT "A"

Attorney's
Expense Policy Statement

| | |
|---|---|
| Photocopies: | .15 per page (in house) |
| Fax: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| Outside Services: | All outside entity bills are charged at actual cost. |
| Postage: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| Long Distance: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized Research: | Actual (*i.e.*, invoiced) cost or, for leased or flat rate computer research services, $2.00 per minute not to exceed one-half of the lease cost or flat rate. Time associated with computerized research to be specifically identified on attorney time detail. |
| Travel: | Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions (currently 53.5¢ per mile). |
| Other Personnel Charges: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| Pacer: | Actual cost (10¢ per page). |
| Other: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
) Case No. _____
)
) RULE 2014 VERIFIED STATEMENT
) FOR PROPOSED PROFESSIONAL
Debtor(s) )
**(Vanden Bos & Chapman, LLP)**

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

1114 (11/30/09)     Page 1 of 3

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)   Page 3 of 3

<u>In re Steven S and Brenda K. Sobella</u>
Chapter 12 Bankruptcy Case No. 17-34449-dwh12

**Continuation Statement No. 13**:

    1. Applicant's firm, Vanden Bos & Chapman, LLP ("VBC"), maintains deposit accounts at KeyBank and a credit card account at KeyBank, which is used exclusively for payments on the Court's CM/ECF System. VBC also maintains a credit card account with Capital One for business expenses. Both the KeyBank and Capital One credit card accounts are paid off monthly with no balance carried forward. Attorneys and staff at VBC may have social or other professional relationships with Bankruptcy Court judges, the Clerk of the Bankruptcy Court, clerks and/or staff of the Bankruptcy Court, employees of the office of the United States Trustee, other federal employees, and individuals who are members of law firms involved in this case or who are employed by creditors or other parties in interest. Other than with respect to the United States Bankruptcy Court for the District of Oregon and the Office of the U.S. Trustee or as otherwise outlined herein, VBC has conducted no investigation of its attorneys or staff members' employment, banking, insurance, brokerage or investment activities or familial connections in preparing this statement.

    2. Judge Trish M. Brown and one of applicant's attorneys (Robert J Vanden Bos) briefly over-lapped as employees at the same law firm (Lane Powell) in the early 1980's.

    3. The spouse of one of the Partners of Applicant is a Tier One PERS retiree. The spouse of another of the Partners of Applicant is a current employee of the State of Oregon. The State of Oregon and its respective agencies, is a potential creditor and party in interest in this case.

    4. VBC does not have banking relationships with any of the creditors in the case.

In re  Steve S. and and Brenda K. Sobella
Chapter 12 Bankruptcy Case No. 17-34449-dwh12; and
In re Sobella Nursery, Inc.
Cahpater 12 Bankruptcy Case No. 17-34446-dwh12

CERTIFICATE - TRUE COPY

DATE: December 8, 2017

DOCUMENT: APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP) and RULE 2014 VERIFIED STATEMENT FOR PROPOSED PROFESSIONAL (Vanden Bos & Chapman, LLP)

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

| | |
|---|---|
| Steven S. Sobella<br>Brenda K. Sobella<br>29830 SE Wheeler Rd.<br>Boring, OR  97009 | PRA Receivables<br>Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 |

by mailing a copy of the above-named document to each of them in a sealed envelope, addressed to each of them at his or her last known address.  Said envelopes were deposited in the Post Office at Portland, Oregon, on the above date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated:  December 8, 2017

VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
    Robert J Vanden Bos, OSB #781002
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Debtors

Page 1 – CERTIFICATE OF SERVICE