Below is an Order of the Court.

_David W. Hercher_
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
**Steven S. Sobella**
**Brenda K. Sobella, Debtors. (Lead Case)**
**Sobella Nursery, Inc., Debtor.**
**Jointly Administered Under Case No. 17-34449-dwh13**

Case No. **17-34449-tmb12**
**17-34446-tmb12**

ORDER CONFIRMING CHAPTER 12
PLAN AND RESOLVING MOTIONS

Debtor(s)

The debtor's current plan was transmitted to the appropriate creditors and after hearing upon notice, the Court found the provisions of 11 USC §1225(a) were complied with, THEREFORE IT IS ORDERED that:

1. The debtor's plan dated **3/29/18** as modified by any amendment shown in pt. 10 below, is confirmed.

2. The debtor shall incur no credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall immediately report to the trustee if actual or projected gross annual income exceeds by more than 10% the gross farming income and/or net farm income projected by the debtor in the most recently filed Exhibit D-1. Except for those amounts listed in the schedules, the debtor shall immediately report to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular farm income) or other property which exceeds a value of $2,500.00. This includes the right to disbursements from any source, including but not limited to bonuses and inheritances. Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order. The debtor shall not buy, sell, use, lease, encumber or otherwise dispose of any interest in: (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

3. During the life of the plan, the debtor(s) shall timely file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority. The debtor's failure to pay postpetition taxes and/or domestic support obligations may constitute cause for dismissal of the debtor's chapter 12 case under 11 USC §1208(c).

4. ~~The debtor's attorney is awarded $ **125,524*** , for attorney fees herein, of which $ **15,024** has been previously paid by the debtor leaving a balance of $ **110,500** . The trustee is directed to pay any balance from sums remaining after payments under pt. 2(b) of the plan are current.~~
 ~~*Vanden Bos & Chapman, LLP - $105,024~~
 ~~*Nick Henderson - $15,000~~
 ~~*Michael Lilly - $5,500~~

1255.05 (10/17/05) **Page 1 of 2**       [**NOTE**: Printed text may **NOT** be stricken!]

5.  The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in pt. 10 below.  Executory contracts and unexpired leases are assumed or rejected as provided in the plan or the modifications in pt. 10 below.  The name **AND** service address for each creditor affected by this paragraph are as follows:
**See Attached Continuation Statement No. 5.**

6.  Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7.  The debtor, if operating a business without a tax account, shall open a separate bank account and promptly deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

8.  All payments under the confirmed plan shall be paid no later than 5 years after entry of the first order confirming a plan in this case.  If all payments are not completed by that date, the case may be dismissed.

9.  All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the automatic stay to effect possession and to foreclose.

10.  The debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [NOTE:  Debtor must INCLUDE a service address for any creditor named below]:

**Chapter 12 Trustee to hold a reserve for projected capital gains taxes in a separate interest bearing account for the benefit of the Debtors.**

**Delete Paragraph 18 and replace with new Paragraph 18 as follows:  See Attached Continuation Statement.**

11.  The terms of this order are subject to any objection filed within 15 days by [NOTE:  Debtor must INCLUDE a service address for any affected creditor whose address is not already listed in pts. 5 or 10]:
**None**

12.  The trustee is authorized to commence disbursements in accordance with the plan.

13.  In the event this case is converted to one under Chapter 7 and the Chapter 12 trustee possesses funds aggregating more than $2,500.00 at the time of conversion, the trustee shall forward all such funds to the Chapter 7 trustee.  In the event the funds in the trustee's possession at such time aggregate $2,500.00 or less, or in the event this case is dismissed, the trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any.  Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

###

*I certify that on* _____**4/3/18**_____ *I served this Order on the trustee for submission to the court.*

                _____**/s/ Robert J Vanden Bos**_____
                    *DEBTOR OR DEBTOR'S ATTORNEY*

*Approved:* ____**/s/Virginia Andrews Burdette**____
               *Trustee*

1255.05 (10/17/05) **Page 2 of 2**         [**NOTE**:  Printed text may **NOT** be stricken!]

Case 17-34449-dwh12    Doc 133    Filed 04/04/18

In re Steve S. and and Brenda K. Sobella
Chapter 12 Bankruptcy Case No. 17-34449-dwh12 (Lead Case); and
In re Sobella Nursery, Inc.;
Ch 12 Bankruptcy Case No. 17-34446-dwh12
Continuation Statements
Page 1 of 1

**Continuation Statement No. 5:**

| | | |
|---|---|---|
| AmeriGas Propane, Inc., c/o<br>The Prentice-Hall Corporation System, Inc. RA<br>1127 Broadway St. NE, Ste 310<br>Salem, OR 97301 | 322nd Farm<br>c/o Jesse Sobella, General Partner<br>PO Box 1138<br>Boring, OR 97009 | Jesse Sobella,<br>PO Box 1138<br>Boring, OR 97009 |
| Northwest Farm Credit Services, PCA<br>c/o Phil DiPofi, President & CEO<br>1700 S Assembly St<br>Spokane, WA 99224 | Kona Coast Resort Owners Assoc.<br>c/o Corporate Creations Network, Inc. RA,<br>1136 Union Mall, Ste 301<br>Honolulu, HI 96813 | Brooks Campbell, 1000<br>Aviara Pkwy, Ste 100,<br>Carlsbad, CA 92001 |
| Northwest Farm Credit Services, PCA<br>650 Hawthorne Ave SE, Ste 210<br>Salem, OR 97301 | KCK Farms LLC<br>c/o Kevin Coleman, RA<br>11483 SE Amity-Dayton Hwy<br>Dayton, OR 97114 | |
| USDA Forest Service,<br>Attn: Attorney General of United States<br>10th Constitution NW #4400<br>Washington, DC 20530 | Kraemer's Nursery, Inc.<br>c/o Alan J. Kraemer, RA<br>14306 Downs Rd NE<br>Mount Angel, OR 97362 | |

**Continuation Statement No. 18:**

18. <u>Agricultural Lien Claimants</u>. Kraemer and KCK Farms hold validly perfected agricultural produce liens having equal priority ("Ag Lien" or "Ag Liens") under Oregon state law (ORS 87.700 et. seq.). Such agricultural produce lien claims include the costs of filing and perfection of the same, and such claimants' reasonable attorney fees and costs. To the fullest extent allowable under applicable law, Kraemer and KCK Farms shall retain their Ag Liens in the collateral as defined under Oregon State Law (see ORS 87.700 and 87.705) until all sums owing to Kraemer and KCK Farms under their allowed claims are fully repaid in accordance with the Plan. Without waiver or other adverse effect upon their Ag Liens, Debtors hereby grant Kraemer and KCK Farms replacement liens in the equivalent post-petition collateral which shall continue until Kraemer and KCK Farms are fully repaid all sums owing. Such replacement liens shall have priority over all other secured creditors having liens in the same collateral, including the liens of Farm Credit PCA and FLCA. No further notices to Debtors, creditors or any other secured parties are necessary to perfect or preserve the Ag Liens and the replacement liens granted herein. Kraemer and KCK Farms may, but shall not be obligated to, file a UCC-1 financing statement(s) with the Oregon Secretary of State and refer to this case and Order Confirming Plan, and is hereby granted relief from the automatic stay to do the same.

If Debtors make a bulk sale of inventory after properly noticed motion, notice and hearing, net proceeds of such bulk sale(s) will be applied first to the Ag Lien claims of Kraemer and KCK Farms until paid in full, with the remaining balance of the net proceeds to be paid to Farm Credit (PCA & FLCA loans) until paid in full.