Robert J Vanden Bos, OSB #781002
Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4861
Fax: 503-241-3731

Of Attorneys for Debtors Steven S. and Brenda K. Sobella

Nicholas J Henderson, OSB #074027
MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Telephone: 503-417-0508
Fax: 503-417-0528
Email: nhenderson@portlaw.com

Of Attorneys for Debtor Sobella Nursery, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Bankruptcy Case Nos.: |
|---|---|
| Steven S. Sobella<br>Brenda K. Sobella; and<br>Sobella Nursery, Inc.,<br><br><br><br><br><br>Debtors. | 17-34449-dwh12 (Lead Case)<br><br>17-34446-dwh12<br><br>Jointly Administered Under<br>Case No. 17-34449-dwh12<br><br>SECOND AMENDED APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP) |

The applicant Debtors, Steven S. Sobella and Brenda K. Sobella, ("Debtors Sobella"), respectfully represent:

    1.    Debtors Sobella have filed a petition under Chapter 12 of the Bankruptcy Code.

Page 1 of 4  SECOND AMENDED APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12   Doc 142   Filed 04/12/18

2. Debtors Sobella wish to employ the firm of Vanden Bos & Chapman, LLP ("VBC"), attorneys duly admitted to practice in this Court, as Debtors Sobellas' attorney in this proceeding.

3. Debtors Sobella request an order employing VBC which will be nunc pro tunc to the Petition Date (November 30, 2017). The reasons the Application to Employ Vanden Bos & Chapman, LLP (Dkt. No. 31) was not filed with the respective Petition is as follows:

    a. It was not clear that an application to employ was necessary; and

    b. The firm was busy in attending to the urgencies of the case, having just been retained within 48 hours of the filing of the Petition.

4. The work which was done by VBC during the interval between the filing of the petition and the filing of the application for employment (the "Interim Services") benefitted the estate. The Interim Services were services which are mandatory in cases of this type. The Interim Services included generally: (a) preparing and handling the applicable first day motions; (b) preparing Debtors' deficiency schedules; (c) preparing employment application for VBC and Debtors' CPA firm; and (d) general bankruptcy services. The Interim Services resulted in: (a) an order authorizing debtors to use cash collateral thereby ensuring survival of their farming operation; (b) an order authorizing the continuation of utility services without interruption; (c) an order authorizing payment of pre-petition wages thereby preserving the Debtors' work force. The required bankruptcy schedules were largely prepared during the interim period. Preparation of employment applications, including the 2014 statements are virtually always prepared by debtor's primary bankruptcy counsel for itself as well as for any other professionals debtor may need to be retained in the case. If the Interim Services had not been performed during the interim period, the same work and the amount of time would necessarily have occurred after the interim period.
Page 2 of 4  SECOND AMENDED APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP)

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12   Doc 142   Filed 04/12/18

5. Debtors Sobella have selected VBC for the reason that VBC has experience in matters of this character, having worked on many other bankruptcy cases as attorneys, including cases under Chapter 12

6. The professional services that VBC is to render include: (a) to give Debtors Sobella legal advice with respect to Debtors Sobellas' powers and duties as debtor-in-possession in the operation of Debtors Sobellas' business; (b) to institute such adversary proceedings as are necessary in the case; (c) to represent Debtors Sobella generally in the proceedings and to propose on behalf of Debtors Sobella as debtor-in-possession, necessary applications, answers, orders, reports and other legal papers; and (d) to perform all other legal services for the debtor-in-possession or to employ an attorney for such professional services.

7. To the best of Debtors Sobellas' knowledge, VBC has no connection with the creditors or any other adverse party or its attorneys, except as disclosed in the Rule 2014 Verified Statement on file herein.

8. VBC represents no interest adverse to the Debtors Sobella as debtor-in-possession or to the estate in the matters upon which VBC is to be engaged, except as disclosed in the Rule 2014 Verified Statement on file herein. VBC's employment would be in the best interests of the estate.

9. The proposed rate of compensation, subject to final court approval, is the customary, hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Debtors Sobella. The proposed terms of employment are as set forth in the Attorney/Client Fee Agreement, a copy of which is

Page 3 of 4  SECOND AMENDED APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP)

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12    Doc 142    Filed 04/12/18

attached as **Exhibit A** which has been executed by the Debtors Sobella and VBC. The current hourly rates are as follows:

| | |
|---|---|
| Robert J Vanden Bos, Managing Partner | $495.00 |
| Ann K. Chapman, Partner | $445.00 |
| Douglas Ricks, Partner | $375.00 |
| Christopher Coyle, Partner | $350.00 |
| Certified Bankruptcy Assistants | $235.00 |
| Legal Assistants | $130.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of the law.

WHEREFORE, Debtors Sobella pray that Debtors Sobella shall be authorized to employ and appoint the firm of Vanden Bos & Chapman, LLP to represent Debtors Sobella as debtor-in-possession in this proceeding under Chapter 12 of the Bankruptcy Code.

Debtors Sobella further pray for an Order nunc pro tunc to November 30, 2017 approving the terms and conditions of VBC's employment as set forth in the Attorney/Client Fee Agreement attached hereto as **Exhibit A**.

DATED:      04/12/18

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #781002
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Debtors
    Steven S. and Brenda K. Sobella

/s/Steven S. Sobella                    /s/Brenda K. Sobella
  Steven S. Sobella, Debtor               Brenda K. Sobella, Debtors

Page 4 of 4  SECOND AMENDED APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP)

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12    Doc 142    Filed 04/12/18

# HOURLY

## ATTORNEY/CLIENT CHAPTER 12 FEE AGREEMENT

**CLIENT:** STEVE S. AND BRENDA K. SOBELLA

**ATTORNEY:** VANDEN BOS & CHAPMAN, LLP

Client desires to retain Attorney for but not limited to the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services including (a) giving the Client legal advice with respect to its business operations (b) assisting the Client in any proposed reorganization of its business (c) if authorized, filing an appropriate petition for relief under Chapter 12 of Title 11 of the United States Bankruptcy Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

1.1. Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the attorneys, legal assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| | |
|---|---|
| Robert J Vanden Bos, Managing Partner | $495.00 |
| Ann K. Chapman, Partner | $445.00 |
| Douglas R. Ricks, Partner | $375.00 |
| Christopher N. Coyle, Partner | $350.00 |
| Certified Bankruptcy Assistants | $235.00 |
| Legal Assistants | $130.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney time and paralegal time is billed in minimum .10 hour increments.

Client will be provided with itemized monthly statements for services rendered and expenses incurred which will be mailed on approximately the 10th of each calendar month.

Attorney has requested Client to pay a retainer in the sum of **$10,000.00**. Attorney will account for time and expenses incurred.

- 1 -

Form Revised 11/22/17

**Exhibit A - Page 1 of 4**

Case 17-34449-dwh12    Doc 142    Filed 04/12/18

Client acknowledges that the application of the retainer is for Attorney's hourly services, not for payment of out-of-pocket costs associated with representing the Client. The retainer amount shall be in addition to the filing fee of $275.00 for Chapter 12, which shall be paid from the separate funds of the Client. As set forth elsewhere, in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

Until the retainer check clears and the funds are paid to Attorney's trust account, Attorney shall have the option to decline to commence representing Client. To avoid timing problems waiting for a retainer check to clear, Attorney recommends that retainer checks be paid in certified funds or cash.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as Exhibit "A."

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney. All professionals must also be approved by the Bankruptcy Court before starting work or the Court will deny payment to the professional.

If asked by the Attorney, Client agrees to perform all mailings required by the Bankruptcy Code or Rules. Client agrees to pay the costs thereof separately. Attorney assumes no responsibility for advancing the costs of major mailings in the case. Client acknowledges that Attorney has advised Client that there could be several major mailings during the course of a Chapter 12 case and that the costs of printing and postage for such mailings may be significant costs. The Client may be required to send documents to each of Client's creditors in connection with each such mailing. Client agrees to pay mailing costs in advance of such mailings directly to the company which will be performing such mailings.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer. If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign.

If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the

court in accordance with the court's rules, which will be done as frequently as court rules permit. Such petitions for fees, when approved, will be paid from the Client's post-petition income.

**THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

1.2. resignation is subject to Court approval, after notice to Client and opportunity for hearing.

Dated: 11-30-2017

**ATTORNEY:**

**VANDEN BOS & CHAPMAN, LLP**

By: _____
Robert J Vanden Bos, Partner

**CLIENT:**

By: _____
Steve S. Sobella

By: _____
Brenda K. Sobella

# EXHIBIT "A"

## Attorney's
## Expense Policy Statement

| | |
|---|---|
| Photocopies: | .15 per page (in house) |
| Fax: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| Outside Services: | All outside entity bills are charged at actual cost. |
| Postage: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| Long Distance: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized Research: | Actual (*i.e.*, invoiced) cost or, for leased or flat rate computer research services, $2.00 per minute not to exceed one-half of the lease cost or flat rate. Time associated with computerized research to be specifically identified on attorney time detail. |
| Travel: | Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions (currently 53.5¢ per mile). |
| Other Personnel Charges: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| Pacer: | Actual cost (10¢ per page). |
| Other: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |

<u>In re Steve S. and and Brenda K. Sobella</u>
Chapter 12 Bankruptcy Case No. 17-34449-dwh12; and
<u>In re Sobella Nursery, Inc.</u>
Cahpater 12 Bankruptcy Case No. 17-34446-dwh12

CERTIFICATE - TRUE COPY

DATE: April 12, 2018

DOCUMENT: SECOND AMENDED APPLICATION OF DEBTORS STEVEN S. AND BRENDA K. SOBELLA FOR AUTHORITY TO EMPLOY ATTORNEY NUNC PRO TUNC 11/30/17 (Vanden Bos & Chapman, LLP)

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

| | | |
|---|---|---|
| Steven S. Sobella<br>Brenda K. Sobella<br>PO Box 1138<br>Boring, OR 97009 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 | Sobella Nursery, Inc.<br>Attn: Steve S. Sobella<br>PO Box 1138<br>Boring, OR 97009 |

by mailing a copy of the above-named document to each of them in a sealed envelope, addressed to each of them at his or her last known address. Said envelopes were deposited in the Post Office at Portland, Oregon, on the above date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: April 12, 2018

VANDEN BOS & CHAPMAN, LLP

By:<u>/s/Robert J Vanden Bos</u>
   Robert J Vanden Bos, OSB #781002
   Douglas R. Ricks, OSB #044026
   Of Attorneys for Debtors

Page 1 – CERTIFICATE OF SERVICE

Case 17-34449-dwh12    Doc 142    Filed 04/12/18