Robert J Vanden Bos, OSB #781002
Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Debtors Steven S. and Brenda K. Sobella

Nicholas J Henderson, OSB #074027
MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Telephone: 503-417-0508
Fax: 503-417-0528
Email: nhenderson@portlaw.com

Of Attorneys for Debtor Sobella Nursery, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Steven S. Sobella<br>Brenda K. Sobella<br>Sobella Nursery, Inc.<br><br><br><br>     Debtors. | Bankruptcy Case Nos.:<br><br>17-34449-dwh12 (Lead Case)<br>17-34446-dwh12<br><br>Jointly Administered Under<br>Case No. 17-34449-dwh12<br><br>DECLARATION OF ROBERT J VANDEN BOS IN SUPPORT OF APPLICATION FOR NUNC PRO TUNC EMPLOYMENT OF VANDEN BOS & CHAPMAN, LLP |

  I, Robert J Vanden Bos, declare and state as follows:

  1.  I am one of the attorneys for Debtors in the above case and make this

Declaration in support of the initial Application for VBC (Dkt. No. 31) (December 8, 2017)

and Amended Application of Vanden Bos and Chapman, LLP ("VBC" or "Applicant") for

Page 1 of 4 DECLARATION OF ROBERT J VANDEN BOS IN SUPPORT APPLICATION FOR NUNC PRO TUNC EMPLOYMENT OF VANDEN BOS & CHAPMAN, LLP

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12 Doc 143 Filed 04/12/18

nunc pro tunc employment (Docket #92) (February 2, 2018). This Declaration also is in support of the fee application filed by VBC (Dkt. No. 142), in which VBC requests compensation for services rendered by VBC prior to the filing of VBC's initial application for employment on December 8, 2017 (Dkt. No. 31). By submitting this Declaration, VBC is not waiving its position that formal employment of Chapter 12 Debtors' counsel is not required under the Bankruptcy Code or Rules.

2. Debtors expressly contracted with VBC to perform the services which VBC thereafter rendered. VBC's employment agreement was signed prepetition (on November 30, 2017). A copy of VBC's employment agreement was attached to VBC's initial Application for Employment as Exhibit A (Docket #31).

3. The Debtors, Steve Sobella, Brenda Sobella, and Sobella Nursery, Inc. have advised that they approve of the entry of the nunc pro tunc order. Debtors agree that VBC should be paid the agreed and reasonable compensation for services provided on the Debtors' behalf prior to the filing of VBC's application for employment.

4. On April 12, 2018, Applicant gave notice of its Application for Nunc Pro Nunc Employment to the applicable creditors and parties in interest. Because April 3, 2018 was the Court-established deadline for filing proofs of claim in the case, VBC's Notice was properly limited to those creditors who had timely file proofs of claim by the applicable deadline and to those creditors who had requested special notice in the case. A copy of the Notice which was sent is attached to this declaration marked Exhibit A.

5. No creditor or party in interest has filed a timely objection to VBC's Application for Employment nunc pro tunc and the time for doing so has now expired.

6. VBC satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure at or before the time services

Page 2 of 4   DECLARATION OF ROBERT J VANDEN BOS IN SUPPORT APPLICATION FOR NUNC PRO TUNC EMPLOYMENT OF VANDEN BOS & CHAPMAN, LLP

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12    Doc 143    Filed 04/12/18

were actually commenced and remained qualified during the period for which services were provided. The Amended Rule 2014 Statement filed by VBC in this case (Dkt. No. 49) shows that VBC is and was at all material times a disinterested party and eligible for employment by the Debtors.

7. As shown by VBC's fee application, the work was performed properly, efficiently, and to a high standard of quality. The work which was done by VBC during the interval between the filing of the petition and the filing of the application for employment (the "Interim Services") was work that is mandatory in cases of this type. The Interim Services included generally: (a) preparing and handling the applicable first day motions; (b) preparing Debtors' deficiency schedules; (c) preparing employment application for VBC and Debtors' CPA firm; and (d) general bankruptcy services. The first day motions resulted in an order authorizing debtors to use cash collateral thereby ensuring survival of their farming operation; an order was obtained authorizing the continuation of utility services without interruption; an order was obtained authorizing payment of petition wages thereby preserving the Debtors' work force. Preparation of the schedules during the interim period was necessary to assist the Court and the creditors in evaluating the first day motions and because completion and filing of schedules are a mandatory element of the Chapter 12 process. Preparation of employment applications, including the 2014 statements are virtually always prepared by debtors primary bankruptcy counsel for itself as well as for any other professionals debtor may need to retain in the case. If the Interim Services had not been performed during the interim period, the same work and the amount of time would necessarily have occurred after the interim period.

8. No actual or potential prejudice will inure to the estate or other parties in interest from the allowance of the nunc pro tunc application.

Page 3 of 4 DECLARATION OF ROBERT J VANDEN BOS IN SUPPORT APPLICATION FOR NUNC PRO TUNC EMPLOYMENT OF VANDEN BOS & CHAPMAN, LLP

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12    Doc 143    Filed 04/12/18

9. Applicant's failure to seek pre-employment approval has been satisfactorily explained. First, Debtors' counsel does not believe that court approval of Debtors' counsel in chapter 12 cases is a requirement. Secondly, due to the exigencies of the case, the filing of the case and the first day motions had to be done to protect the Debtors against a potential offset of about $300,000 funds on deposit which Debtors had been advised would occur on December 1, 2017. Had such offset of funds occurred, the loss of access to those funds would have likely made it impossible for Debtors to successfully reorganize. Counsel for Debtors therefore focused on the reorganization effort in the first few days of the case but then immediately filed an employment application once it was known that such an application might be deemed necessary or appropriate by the Court.

10. Applicant does not exhibit a pattern of inattention or negligence in soliciting judicial approval for the employment of professionals in this case or any other case before this Court. In other unrelated cases (primarily Chapter 11 cases), Applicant has consistently filed timely applications for employment of professionals.

I hereby declare that the above statements are true to the best of my knowledge and belief and that I understand the above statements are made for use as evidence in Court and are subject to penalty for perjury

Dated: April 12, 2018

/s/Robert J Vanden Bos
Robert J Vanden Bos, Declarant

Page 4 of 4   DECLARATION OF ROBERT J VANDEN BOS IN SUPPORT APPLICATION FOR NUNC PRO TUNC EMPLOYMENT OF VANDEN BOS & CHAPMAN, LLP

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 17-34449-dwh12    Doc 143    Filed 04/12/18

<u>In re Steve S. and and Brenda K. Sobella</u>
Chapter 12 Bankruptcy Case No. 17-34449-dwh12; and
<u>In re Sobella Nursery, Inc.</u>
Cahpater 12 Bankruptcy Case No. 17-34446-dwh12

CERTIFICATE - TRUE COPY

DATE: April 12, 2018

DOCUMENT: DECLARATION OF ROBERT J VANDEN BOS IN SUPPORT OF APPLICATION FOR NUNC PRO TUNC EMPLOYMENT OF VANDEN BOS & CHAPMAN, LLP

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

| | | |
|---|---|---|
| Steven S. Sobella<br>Brenda K. Sobella<br>PO Box 1138<br>Boring, OR 97009 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 | Sobella Nursery, Inc.<br>Attn: Steve S. Sobella<br>PO Box 1138<br>Boring, OR 97009 |

by mailing a copy of the above-named document to each of them in a sealed envelope, addressed to each of them at his or her last known address. Said envelopes were deposited in the Post Office at Portland, Oregon, on the above date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: April 12, 2018

VANDEN BOS & CHAPMAN, LLP


By:<u>/s/Robert J Vanden Bos</u>
   Robert J Vanden Bos, OSB #781002
   Douglas R. Ricks, OSB #044026
   Of Attorneys for Debtors